UNITED STATES DISTRICT COURT		SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
August 25, 2022
Nathan Ochsner, Clerk

| | |
|---|---|
| Lynwood Moreau, *et al.*, | § |
| Plaintiffs, | § |
| *versus* | §   Civil Action H-19-646 |
| Harris County, Texas, | § |
| Defendant. | § |

## Order Denying Collective Action

1.  *Background.*

Lynwood Moreau is a lieutenant in the Patrol Bureau of the Harris County Sheriff's Office. On February 22, 2019, he sued Harris County for unpaid overtime compensation based on his classification as an exempt employee.

Moreau seeks to certify a collective action against Harris County for two prospective classes:

> All Lieutenants who were employed by Harris County and who worked in the Harris County Sheriff's Department during the last three years.

> All Captains who were employed by Harris County and who worked in the Harris County Sheriff's Department during the last three years.

Approximately 58 officers have sought consent to join the collective action. Harris County opposes.

Alternatively, Moreau seeks leave to amend the complaint to add the class members.

2. *Fair Labor Standards Act.*

The Fair Labor Standards Act permits employees to sue employers on behalf of "employees similarly situated."[1] To determine whether a class is similarly situated, the court may consider: (a) the disparate factual and employment settings of the proposed plaintiffs; (b) the various defenses available to the defendant which appear to be individual to each proposed plaintiff; and (c) fairness and procedure.[2] Moreau bears the burden of showing the potential collective-action members are similarly situated.

Before notice of a collective action, the Fifth Circuit requires that the court identify the facts and legal considerations that will be material to decide whether the plaintiffs are similarly situated.[3] It took an inapposite approach to the popular *Lusardi*[4] two-step certification to ensure that notice was not sent before the merits of the case have been understood.

3. *Organizational Structure.*

A brief overview of Harris County's departmental structure is necessary to determine whether captains and lieutenants are similarly situated.

The Harris County Sheriff's Office has twelve bureaus. Eight of those bureaus fall under law enforcement and criminal justice command. Each bureau has a major. The bureaus command centers are led by a captain who reports to the major. The lieutenants report to the captain.

A captain has a higher rank than a lieutenant. The captain is the primary commander of a division and supervises the activities of employees assigned to the bureau or division. A lieutenant can be designated as a watch supervisor. The

---

[1] 29 U.S.C. § 216(b).

[2] *Torres v. Chambers Prot. Servs., Inc.*, No. 5:20-cv-212, 2021 WL 3419705, at *3 n.3 (N.D. Tex. Aug. 5, 2021).

[3] *Swales v. KLLM Transport Servs., LLC*, 985 F.3d 430 (5th Cir. 2021).

[4] *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).

lieutenant is responsible for personnel assigned to a division and cooperates with the captain on administrative matters.

Both lieutenants and captains are selected by the promotions board and subject to approval by the sheriff. Both positions are considered exempt by the Sheriff's office. The office requires that the employees who are promoted sign a form that confirms their exemption status.

Moreau worked in the Patrol Bureau. This bureau has command centers that are divided by district. The districts are managed by a captain. In the Patrol Bureau, the lieutenant is required to supervise the watch and manage personnel assigned to the watch. Moreau supervised the night watch.

4.  *Similarly Situated.*

Similar job requirements and pay provisions may indicate that the potential members are similarly situated.[5]

Moreau claims that lieutenants in the Sheriff's office have the same job title; perform the same duties; and are exempt. He says the same applies to the proposed class of captains. Both positions require that the officers sign a wage and hour exemption form, according to Moreau. He insists that the defenses would be similar for each proposed class.

Harris County argues that Moreau does not distinguish between the lieutenant duties in each bureau nor the captains. It says that, for example, the duties of a patrol bureau are different than a jail setting. While Moreau is on the field responding to calls, Harris County says that a jail setting would not deal routinely with front-line duties. It insists that Moreau does not show that other exempt lieutenants in different divisions perform the same front-line work.

The court may consider the available evidence to decide notice without endorsing the merits of the case.[6] Moreau's affidavit said that he performs front-

---

[5] *Lopez-Gonzales v. Ramos*, 20-cv-061, 2021 WL 3192171, at *5 (N.D. Tex. July, 28, 2021).

[6] *Torres v. Chambers Protective Servs., Inc.*, 2021 WL 3419705, at *3 (N.D. Tex. Aug. 5, 2021).

line duties by answering incident calls that he says qualifies as non-exempt work. The evidence shows that the patrol policy does not align with his statement.

No descriptions of other bureaus were filed to show that a lieutenant in another bureau faces the same discrepancy in job description and actual tasks. The list of 58 proposed class members does not identify their rank or their bureau. Moreau says that it "simply makes no sense" that Moreau is the only lieutenant who had an atypical experience. It does "make sense" because whether the potential class members are similarly situated will turn on their duties in the bureau. If those duties differ by department, it will affect their employment setting.

Moreau mistakenly shifts the burden to Harris County to show that the potential members are different because it knows "who they are and what they do." He has the burden to show that the potential class members are similarly situated – not Harris County. Moreau does not respond to Harris County's concrete example of a difference between a lieutenant in the patrol bureau and a jail setting. He wrongly dismissed the claim as nonsensical.

If the potential class members are victims of a particular policy, the members may be similarly-situated.[7] Moreau says that every lieutenant and captain was subject to the office's policy of signing an exempt status form. He insists that the inquiry of the case relies on the legality of that practice. The claim in the case is failure to pay overtime. Whether the employee signed the form accepting that status is moot for the merits of exemption status. Moreau may have shared the same policy practice of exempt status, but the employment settings of the proposed class of lieutenants differ. Depending on the rank or bureau, an officer may be legally exempt.

Evidence of similarly situated captains is also missing. Moreau seems to equate the job descriptions of a captain and lieutenant without concrete examples of how the captains' employment settings are similar. Their exemption status is not enough to draw the groups together. The evidence is insufficient to show that the captains are similarly-situated in every bureau.

---

[7] *Vanzzini v. Action Meat Distributors, Inc.*, 995 F. Supp. 2d 703, 720 (S.D. Tex. 2014).

Without reaching the merits of Moreau's claim, only the lieutenants in the patrol bureau are similarly situated.

5. *Leave to Amend.*

As an alternative to certification of a collective action, Moreau says that he should be allowed leave to amend to add the putative class members that have expressed interest in the lawsuit. Almost three years have passed since this case was filed, Moreau has had ample time to add these potential members as plaintiffs. His request is denied.

The Court, however, will permit Moreau to withdraw this motion and re-file it after further discovery. Plaintiffs have not undertaken substantial discovery, including depositions of Defendants' representatives, which may aid their claim.

6. *Conclusion.*

Moreau's request for collective class certification is denied without prejudice.

Signed on August 24, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge