IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYNWOOD MOREAU, *et al.* | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 4:19-CV-00646 |
| v. | § § | |
| HARRIS COUNTY, TEXAS, | § § | |
| *Defendant*. | § § | |

### DEFENDANT'S BRIEF REGARDING JURY CHARGE

Defendant Harris County, Texas ("Harris County") files this brief regarding the Jury Charge. The Court must "instruct the jurors, fully and correctly, on the applicable law of the case, and . . . guide, direct, and assist them toward an intelligent understanding of the legal and factual issues involved in their search for truth." *E.E.O.C. v. Manville Sales Corp.*, 27 F.3d 1089, 1096 (5th Cir. 1994). A charge is improper if the jury is "mislead, prejudiced, or confused." *Davis v. Avondale Industries, Inc.*, 975 F.2d 169, 175 (5th Cir. 1992).

### Proposed Instructions 3, 4, and 5

These instructions come straight from the Fifth Circuit Pattern Jury Charge. They are correct statements of the law. They are relevant to this case. Therefore, there is no reason to exclude them.

### Proposed Instruction Number 8

Paragraph 2. The Fifth Circuit Pattern Jury instruction reads: "Defendant [name]'s claims and contends [specify contentions] In other words, the pattern jury charge anticipates including

the Defendant's contentions." Harris County, as the Defendant, should be allowed to word its contentions in the way it deems appropriate.

Paragraph 3 Plaintiffs' proposed instruction is a misstatement of the law that will confuse the jury when they hear the facts of this case and prejudice Harris County. The FLSA expressly authorizes Harris County, as a public agency, to provide its non-exempt employee compensatory time in lieu of overtime. 29 C.F.R. § 553.20-25. However, explaining the FLSA's rules regarding compensatory time to the jury will be complex. Given that the issue for the jury is the exemptions, Harris County believes that paragraph 3 is inappropriate.

Paragraph 4. As drafted by Plaintiffs, the proposed instruction is misleading. When considered in conjunction with the fact that both exemptions appear in one proposed jury instruction, it gives the appearance that Harris County has to prove both exemptions. Harris County proposes four separate instructions. In the first instruction, instruction 8, the Court should give a general instruction on the FLSA consisting of Paragraphs 1 and 2 of current paragraph 8. The second instruction, instruction 9, should address the administrative exemption. The third instruction, instruction 10, should address the administrative exemption. The fourth should provide the definition of primary duty as it is applicable to both exemptions. To avoid confusing the jury, the exemptions should be addressed in separate instructions.

**Proposed Instruction Number 9**

Harris County proposes tracking the language of the exemption as closely as possible. Harris County's proposed version of the elements does so. Of particular concern is Plaintiffs' proposed element number 3. Plaintiffs' proposal departs from the regulations language in a material way that misstates the law to Harris County's prejudice. Plaintiffs assert that the jury

should be instructed that the third element requires that Plaintiffs "regularly exercised" discretion and independent judgment. That language is no longer a part of the exemption.

The FLSA's regulations do not provide a threshold amount of discretion and independent judgment. Rather, Plaintiffs' primary duties only have to "include" the exercise of independent judgment and discretion. 29 C.F.R. § 541.202. The word "include" creates a lenient standard that is lower than "customarily and regularly" standard of the former, abandoned long form administrative exemption test. *See O'Dell v. Alyeska Pipeline Serv. Co.*, 856 F.2d 1452, 1454 (9th Cir. 1988), overruled in part on other grounds, *Auer v. Robbins*, 519 U.S. 452, 461 (1997).[1] Indeed, "[t]he relevant question is whether [Plaintiff's] primary duties **included** the exercise of discretion and independent judgment, not the degree to which she exercised discretion or independent judgment." *Bailey v. Alpha Techs. Inc.*, No. C16-0727-JCC, 2017 WL 4167929, at *5 (W.D. Wash. Sept. 19, 2017) (emphasis in original). The Court should decline Plaintiffs' invitation to depart from the plain language of the regulation.

The Court should give Harris County's proposed instructions regarding the Parties' contentions. "Whether an employee falls within an exemption is a question of law; the amount of time the employee devotes to particular duties, as well as the significance of those duties, are questions of fact." *Zannikos v. Oil Inspections (U.S.), Inc.*, 605 F. App'x 349, 352 (5th Cir. 2015). In other words, the jury must determine Plaintiffs' primary duty, but whether that primary duty is "exempt" is a question of law. To that end, as the Court has previously observed, the relevant

---

[1] *Auer* overruled *O'Dell* to the extent the decision failed to follow DOL guidelines distinguishing between discretion and the application of skill. *Bothell v. Phase Metrics, Inc.*, 299 F.3d 1120, 1129 (9th Cir. 2002). However, *Auer* does not call into question *O'Dell's* analysis that "includes" (as used in the former short form test) requires less independent judgment and discretion than "customarily and regularly" (as used in the former long form test). Indeed, the DOL cited *O'Dell* positively on this distinction when promulgating the 2004 amendments to the administrative exemption. Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 69 FR 22122-01 at ** 22142-43 (April 23, 2004).

factual dispute is whether Plaintiffs' primary duty is "frontline law enforcement" or "administration." Dkt 167 at 27. Thus, the court need not confuse the jury with multiple sections of the federal regulations interpreting the administrative exemption because those are useful only to the court's legal conclusion as to whether a primary duty is exempt. The jury should determine the facts—what are Plaintiffs' primary duty—and the Court should determine the law—what potential primary duties are exempt.

The Court's instructions to the jury must contain "a correct statement of the law and [must] **clearly** instructs jurors as to the principles of law applicable to the factual issues confronting them." U.S. v. Clayton, 506 F.3d 405, 410 (5th Cir. 2007) (emphasis original). Plaintiffs' proposed instruction beginning "Examples of administrative work" is misleading and prejudicial. Plaintiffs' have cherry picked examples from 29 C.F.R. §541.201 excluding the examples relevant to this case. Plaintiffs' proposal is so incomplete that it is in essence a misstatement of the law. The Court should decline to give it.

Plaintiff proposes four additional paragraphs of instructions regarding the phrase "discretion and independent judgment." Harris County anticipates that Plaintiffs will argue they are simply quoting the regulations. However, nothing in the proposed instructions touch on anything relevant to this case.

**Proposed Instruction Number 10**

Harris County proposes tracking the language of the exemption as closely as possible. Harris County's proposed version of the elements does so. Of particular concern is Plaintiffs' proposed element number 4. Plaintiffs' proposal departs from the regulations language in a material way that misstates the law to Harris County's prejudice. Plaintiffs propose excluding several of the alternative ways that the fourth element of the exemption can be satisfied. Plaintiffs

aver that the jury should be instructed that Harris County must prove decision making or suggestion/recommendation authority as to hiring and firing. However, by its plain language, the exemption can also be meet with proof that employees' suggestions as to promotion or any other change of status are given particular weight. *See* 29 C.F.R. § 541.100 ("Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement**, promotion or any other change of status** of other employees are given particular weight."). There is no reason to omit this alterative.

Harris County objects to the final proposed Paragraph of the instruction as it misstates the law in a way that prejudices Harris County. The instruction suggests that Harris County **must** come forward with "concrete examples." To support this instruction, Plaintiffs will likely cite to *Miller v. Travis Cnty.*, 953 F.3d 817, 821 (5th Cir. 2020). In *Miller*, the Fifth Circuit reviewed a jury's finding against Travis County as to police lieutenants. The court unequivocally stated, "The jury would've been justified in finding for the county on the particular-weight prong. But it chose not to, weighing the evidence differently from how the county would've preferred." *Id.* In explaining why there was sufficient evidence to find in favor of the plaintiffs, the court explained "And the jury wasn't required to believe the captains' testimony about the lieutenants' recommendations, because the jury could've viewed it as employer-pleasing and hence not credible —especially given that the testimony wasn't supported with concrete examples." *Id.* In other words, *Miller* opines that a lack of concrete examples is evidence or argument the jury can consider, but it is not dispositive as Plaintiffs' proposed instruction contends.

Moreover, the proposed instruction further misstates the law by stating that Plaintiffs' recommendations must actually be accepted more often than not. Again, Plaintiffs misinterpret *Miller.* Footnote 7 in *Miller* is clear:

It is true that the regulation asks whether the lieutenants' recommendations were afforded particular weight—not whether they were followed. See 29 C.F.R. § 541.100(a)(4). Yet a rational jury could consider it relevant whether the recommendation was followed. *Id.* n.7.

Because Plaintiffs' proposed final paragraph to instruction 10 misstates the law it should not be given.

**Proposed Instruction Number 11**

Paragraph 1. Harris County's first addition is directly from 29 CFR § 541.700; there is no reason not to include it. Harris County's second addition modifies the quoted regulation slightly because, as written, the regulation is confusing. Harris County's addition clarifies the regulation.

Paragraph 2. While Plaintiff's proposed language comes from the regulation, it is unnecessary and duplicative of the the prior paragraph and incorrectly suggests that time spent on a specific task is the most important factor. If the Court is inclined to provide that instruction it should also include Defendant's subsequently proposed sentence, which is taken directly from *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1227 (5th Cir. 1990) ("[T]he employee's primary duty will usually be what she does that is of principal value to the employer, not the collateral tasks that she may also perform, even if they consume more than half her time.").

Paragraph 5. This proposed instruction is inappropriate because there is no evidence that Plaintiffs' primary duty changed from week to week.

Paragraphs 6 and 7. Plaintiffs' proposed instruction should not be given because simply quoting the regulation buries the relevant issue in such a way as to mislead the jury in a manner that is prejudicial. Indeed, the regulation is written in a confusing manner. The relevant question, as the Court has already observed, is whether Plaintiffs' primary duty is front-line law enforcement or administration/management. However, paragraph 6, when parsed, reads as follows: "Keep in mind that neither exemption applies to . . . deputy sheriffs . . . regardless of rand or pay level who

perform [front line law enforcement work]. When read out of context, that is a misstatement of the law. Opinion Letter Fair Labor Standards Act (FLSA 2005-40), 2005 WL 3308611, at *2 ("[T]he § 13(a)(1) exemptions may apply to police lieutenants, police captains, and fire battalion chiefs positions so long as the employees in these positions meet all of the requirements set out in the Regulations." (emphasis added)); *Maestas v. Day & Zimmerman, LLC*, 664 F.3d 822, 827 (10th Cir. 2012) ("Thus, high-level employees who perform some first responder duties, like police lieutenants or fire chiefs, can nonetheless be exempt executives if their primary duty is managerial and they meet the other elements of the test."); *Smith v. City of Jackson, Miss.*, 954 F.2d 296, 298 (5th Cir. 1992) (holding that battalion chiefs who supervised fire fighters at the scene of a fire were exempt administrative employees).

Harris County does not dispute that the jury should be instructed that, if Plaintiffs' **primary duty** is a first-responder activity, they do not meet the exemption. However, the instruction should be written in such a way that does not confuse or mislead the jury. Thus, Harris County has proposed stating the alternative contentions discussed in the administrative exemption instruction. The Court should follow Harris County's proposal because it correctly states the law without misleading or confusing the jury.

**Jury Interrogatives**

In response to Harris County's Motion for Summary Judgment, Plaintiffs unequivocally state "summary judgment is still inappropriate because a jury gets to decide whetehr those facts qualify Moreau and the other plaintiffs for the § 13(a)(1) exemptions. Dkt. 163 at 24. Now, in an apparent reversal of course, Plaintiffs argue that the jury should not decide the exemption and rather should decide each individual element of the exemption separately. There is no basis for

Plaintiffs' efforts to depart from the Fifth Circuit Pattern Instruction. *See* Instruction 11.24 Question No. 4 at 287.

**Reservation of Right**

Harris County reserves the right to request modification to the Jury Charge based on the evidence presented at trial.

Respectfully submitted,

 */s/ Carolyn Russell*
Carolyn Russell
Attorney-in-Charge
Texas Bar No. 24003913
SD TX Bar No. 25141
carolyn.russell@ogletree.com
OGLETREE, DEAKINS,
NASH, SMOAK & STEWART, P.C.
One Allen Center
500 Dallas Street, Suite 2100
Houston, TX 77002
P: 713-655-0855
F: 713-655-0020

**ATTORNEY-IN-CHARGE FOR DEFENDANT HARRIS COUNTY, TEXAS**

**OF COUNSEL:**

Stephen J. Quezada
Of Counsel
Texas Bar. No. 24076195
SD TX Bar No. 1348753
stephen.quezada@ogletree.com
Amanda C. Croushore
Texas Bar. No. 24128163
SD TX Bar No. 3745266
amanda.croushore@ogletree.com
Ryan Swink
Texas Bar. No. 24107940
SD TX Bar No. 3631019
ryan.swink@ogletree.com
OGLETREE, DEAKINS,
NASH, SMOAK & STEWART, P.C.
One Allen Center
500 Dallas Street, Suite 2100
Houston, TX 77002
P: 713-655-0855
F: 713-655-0020

Suzanne Lehman Johnson
Texas Bar. No. 00784460
SD TX Bar No. 15700
suzi@lehmanjohnson.com
Lehman Johnson Law, PLLC
325 Heights Blvd.
Houston, Texas 77007
P: 281-720-3722

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 18th day of July 2024, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                         */s/ Ryan Swink*
                                         Ryan Swink