Case 4:19-cv-00646   Document 272   Filed on 01/06/25 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
January 06, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Lynwood Moreau, et al., | § | |
| *Plaintiffs,* | § | |
| v. | § | Civil Action 4:19-CV-646 |
| | § | |
| Harris County, Texas, | § | |
| *Defendant.* | § | |

### MEMORANDUM AND ORDER

Pending before the court is Plaintiff's Renewed Motion for Judgment as a Matter of Law or, Alternatively, for New Trial. ECF No. 256. Consistent with the parties' consent, the district judge transferred this case to the undersigned to conduct all further proceedings, including final judgment in accordance with 28 U.S.C. § 636(c). ECF No. 148. The motion is **DENIED**.

### A. *Background and Procedural Posture*

A summary of the basic facts of this case is set forth in the court's March 17, 2024 Memorandum and Order granting in part the Defendant's Motion for Summary Judgment. ECF No. 167 (ruling on motion filed at ECF No. 159). In that Memorandum and Order, the court denied Defendant's motion for summary judgment on the law enforcement lieutenants' overtime claims. The court found that there were genuine issues of material fact as to whether lieutenants in the law enforcement patrol and investigative categories were exempt administrative employees. The court granted summary judgment on all the captains' claims, all the criminal justice lieutenants' claims, all willfulness claims, and all claims on underreported hours.

The case proceeded to jury selection and trial on July 22, 2024. At the close of evidence, Plaintiff made a motion for judgment as a matter of law as follows:

> [Plaintiff] would move for judgment as a matter of law on the County's exemption defenses. I think the evidence is clear that all of our clients engaged in frontline law enforcement work and not exempted duties. Furthermore, there is no evidence that they, for the executive exemption, managed a department of the County. They just worked a shift. They were the lead gun on a shift. There's no evidence that they had any significant role in hiring or firing.

ECF No. 259 at 98. The court denied the motion. The jury returned a verdict for the defense. ECF No. 241. Plaintiffs have now renewed their motion for judgment as a matter of law and move alternatively for a new trial. The court denies the motion in its entirety. The court will address herein only those arguments and issues that warrant discussion. The court has considered all of the parties filings and arguments, but has not addressed in writing every argument or issue the parties have raised.

### *B. Legal Standards*

Under Federal Rule of Civil Procedure 50(a), a party may move for judgment as a matter of law at any time before the case is submitted to the jury. "The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." Rule 50(a)(2). Under Rule 50(b), the movant may file a renewed motion for judgment as a matter of law along with an alternative or joint motion for new trial under Rule 59. A party may not assert in a renewed motion under Rule 50(b) a ground that was not asserted in the original motion under Rule 50(a). *Holmes*

2

*v. Reddoch*, 117 F.4th 309, 318 (5th Cir. 2024). District courts must deny a motion for judgment as a matter of law "unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 498 (5th Cir. 2012). The court must give deference to the verdict and view all evidence in the light most favorable to the verdict. *Nelson v. Texas Sugars, Inc.*, 838 F.Appx. 39, 42 (5th Cir. 2020). In ruling on a motion for judgment as a matter of law, the court may not make credibility determinations or weigh the evidence. *Id.*

Under Rule 59(a), the district court may grant a new trial if the verdict is against the weight of the evidence, the jury's damages award is excessive, the trial was unfair, or there was prejudicial error committed during the trial. *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 784 (5th Cir. 2018). However, mere disagreement with the verdict is not sufficient to order a new trial. *Radtke v. Caschetta*, No. 06-2031 (JMF), 2014 WL 11802567, at *3 (D.D.C May 14, 2014). To meet the "against the weight of the evidence" standard, the district court generally must be convinced that no rational jury could have reached the result based on the evidence presented. *Id.* Courts should grant a new trial under Rule 59 only when the court is convinced that the jury verdict was a seriously erroneous result and denial of a new trial would result in a miscarriage of justice. *Id.*

The court also notes that, under Rule 49(b)(4), the court may order a new trial when the jury's answers to written questions are inconsistent with the general verdict rendered.

### C. Analysis

#### 1. Motion for Judgment as a Matter of Law

##### a. The Court Did Not Err by Submitting the Exemption Question to the Jury

For both exemptions, the court instructed the jury on the elements that Defendant was required to prove and gave instructions on the meaning of various terms of art within those elements. For example, on the executive exemption, the court instructed the jury as follows:

> To establish that Plaintiffs are exempt executive employees, Harris County must prove each of the following facts by a preponderance of the evidence:
>
> (1) that it paid the Plaintiffs on a salary basis at a rate of not less than $684 per week;
>
> (2) that the Plaintiffs' primary duty was the management of the enterprise in which the employee is employed or a customarily recognized department or subdivision thereof;
>
> (3) that the Plaintiffs regularly directed the work of two or more other employees; and
>
> (4) that the Plaintiffs had the authority to hire or fire other employees or make suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees that are given particular weight.

ECF No. 238 at 14. The court gave the jury instructions about "customarily recognized department or subdivision," "particular weight," "primary duty," and other legal terms of art. *Id.* at 11–17.

4

The form of the instructions was adapted from the Fifth Circuit's Pattern Jury Instructions, and the definitions came from the relevant regulations, in line with the Pattern Instructions. The court did the same thing for the administrative exemption. *Id.* at 11.

The court then gave the jury a question to answer for each exemption. For example, "Has Defendant Harris County proved by a preponderance of the evidence that all Plaintiffs were exempt executive employees? Answer 'Yes' or 'No' __." ECF No. 241 at 4. Again, this is as the Pattern Jury Instructions suggest.

Plaintiffs argue that, while the decision whether an employee is exempt is primarily a question of fact, the ultimate decision whether an employee is exempt from the FLSA's overtime compensation provisions is a question of law. ECF No. 256 at 6. Plaintiff argues that the jury should not have been tasked with deciding whether Plaintiffs were exempt. The court understands Plaintiffs to be saying that the jury should have been instructed to answer only predicate questions of fact. The court would then cobble those factual determinations together to decide as a matter of law whether Plaintiffs qualified for an exemption. The court disagrees.

The court first observes that this precise argument has been rejected recently in the Eastern District of Louisiana. In *Smith v. Metro Security, Inc.*, No. 18-953, 2019 WL 6701311, at *11 (E.D. La. Dec. 9, 2019), the employer cited the same cases Plaintiff cites here and argued that the exemption question should not have been presented to the jury. The court clarified the difference between

cases decided by a jury versus those decided on summary judgment or otherwise as a matter of law. That is, when the facts are in dispute, the case must go to a jury; when the facts are not in dispute, the court may decide the question as a matter of law. *Id.* The court concluded that:

> Here, the facts underlying the elements of the executive exemption were disputed, and so . . . this Court asked the jury to resolve the factual dispute, and by doing so, reach a verdict on the issue. In order to do so, this Court instructed the jury on the elements of the executive exemption, following the Fifth Circuit Pattern Jury Instructions, [which the court quoted]. Only if the jury found that Defendants had proved each of the elements by a preponderance of the evidence would the exemption apply. In other words, the 'ultimate legal question' depended on the jury's resolution of each element."

*Id.* at *11-12. The court in *Smith v. Metro Security* instructed the jury and presented questions to the jury in a manner virtually identical to the instructions and questions given in this case. *See Smith v. Metro Security, Inc.*, No. 18-953, ECF Nos. 70, 70-1 (E.D. La. Mar. 26, 2019).

The court next notes that, even if Plaintiffs were right that a jury may not answer a mixed question of law and fact (this is incorrect, as will be explained next), Plaintiffs proposed questions are no better than the court's. Plaintiffs did not propose fact questions for the jury; rather, they asked the court to break each element of the exemptions down into a separate question. For example, Plaintiff proposed that the court ask the jury "Has [Defendant] proved . . . [that] Plaintiffs primary duty was the management of the enterprise or a customarily recognized

6

department or subdivision of the enterprise?" ECF No. 217 at 18. This is exactly what the court asked the jury to resolve, albeit in a smaller bite. The question is still a mixed question of law and fact. "Primary duty," and "customarily recognized department or subdivision" were both phrases that the court defined for the jury based on the law. ECF No. 238 at 15–16.

In any event, it is the function of the jury to receive the court's instructions on the law and decide how the law applies to fact. That is exactly what a general verdict is. *Lindsley v. Omni Hotels Mgmt. Corp.*, 123 F4th 433, 439–40 (5th Cir. 2024). A special verdict, on the other hand, requires the jury only to find facts, and would not require any instruction on the law at all. *Id.* at 439. Rule 49 contemplates both types of jury submissions and the court concludes that the jury questions were proper.

Finally, the court followed the Fifth Circuit's Pattern Jury Instructions. Courts generally do not err when following a pattern instruction that correctly states the law. *Nelson v. Texas Sugars, Inc.*, 838 F.Appx. 39, 44 (5th Cir. 2020). Plaintiffs do not argue that the court misstated the law. The court notes that other judges in the Southern District of Texas use exactly the same approach as the court did in this case. *Cf. Karna v. BP Corp.*, No. 4:12-CV-101, ECF No. 84 (S.D. Tex. July 1, 2013); *Novick v. Shipcom Wireless, Inc.*, No. 4:16-CV-730, ECF No. 78 (S.D. Tex. July 29, 2018). The court is unaware of any court finding that the form of the questions posed in this case would be erroneous.

### b. Plaintiffs' Arguments about the Executive Exemption

"The bona fide executive exemption applies to employees (1) paid at least $455[1] per week 'on a salary basis' (2) whose 'primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;' (3) who 'customarily and regularly' direct 'the work of two or more employees;' and (4) who have the 'authority to hire or fire other employees' or whose hiring and firing recommendations 'are given particular weight.'" *Miller v. Travis Cnty.*, No. 1:16-CV-1196-RP, 2018 WL 1004860, at *8 (W.D. Tex. Feb. 21 2018) (citing 29 C.F.R. § 541.700(b)).

#### i. A "Shift" May Qualify as a department or subdivision

Plaintiffs argue that many of the Plaintiffs' were assigned to manage a "shift," which Plaintiffs maintain is not a "customarily recognized department or subdivision" of the enterprise. ECF No. 256 at 7. Plaintiffs cite no authority for their argument, other than the regulation itself, 29 CFR § 541.103, which defines the phrase. The regulation "is intended to distinguish between a mere collection of employees assigned from time to time to a specific job or series of jobs and a unit with permanent status and function." 29 CFR § 541.103(a). The regulation goes on to explain that "[c]ontinuity of the same subordinate personnel is not essential to the existence of a recognized unit with a continuing function."

---

[1] On January 1, 2020, this amount was increased to $684. *See Escribano*, 947 F.3d 265, 267 n.1 (5th Cir. 2020) (citing Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 84 Fed. Reg. 51,230, 51,231 (Sept. 27, 2019)).

29 CFR § 541.103(d). A supervisor of a recognized unit will not lose the exemption if he draws workers from a pool of workers from other units. *Id.* The court finds no authority for the proposition that a shift, as that term was used during the trial of this case, is excluded from the ambit of the regulation. *Cf. Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 562–63 (2d Cir. 2012) (citing Department of Labor's endorsement of courts that held a "shift can constitute a department or subdivision"; explaining that "working different shifts," while not required, is "certainly a factor that *can* support the conclusion that a team of employees constitutes a customarily recognized department or subdivision").

The evidence presented at trial was sufficient for the jury to decide that each of the Plaintiffs was the manager of a recognized department or subdivision. Chief Diaz, among others, testified about the organization of the Harris County Sheriff's Department in general. He also testified specifically about how the Department was broken up into Bureaus, Division, Sections, and Shifts. The evidence was sufficient for the jury to have determined that each shift was a recognized and permanent part of the organizational structure. Lieutenants assigned to manage a shift were assigned to and in charge of fixed shifts. The personnel under them were themselves assigned to that shift and had to seek a formal transfer to work a different shift.

### ii. *The Evidence was Sufficient for the Jury to Find that Plaintiffs had Hiring and Firing Authority*

Plaintiffs argue that they do not qualify for the executive exemption because they had no authority to hire or fire. The court

9

disagrees. While the evidence at trial was that Lieutenants did not have the final say in matters of hiring or firing, the evidence also showed that Lieutenants sat on interview boards/panels, made recommendations about transfers, and wrote performance evaluations. The jury had sufficient evidence to find in favor of Defendants on this element of the exemption.

### iii. There was Sufficient Evidence for on Plaintiffs' Primary Duties

Plaintiffs argue that Plaintiffs' primary duties were not management, and that Plaintiffs' primary duties did not include the exercise of discretion and independent judgment. The court disagrees. The trial was replete with evidence showing that Lieutenants were mainly supervisors of the deputies. They would ensure proper shift staffing, respond to complaints, and act as scene commander. There was evidence that Lieutenants were the subject of very little supervision and that they exercised a great deal of discretion and judgment in carrying out their duties. As is discussed next, while Lieutenants would sometimes engage in actual law enforcement duties, there was sufficient evidence for the jury to find that was not their primary duty.

### c. Whether Plaintiffs' Primary Duty "Frontline" law enforcement

Plaintiffs argue that the "first responder" regulation precludes the application of either exemption. "The regulations promulgated by the Department of Labor have clarified that the bona fide executive exemption does not apply to people including 'police officers, detectives, deputy sheriffs, state troopers, highway patrol officers, investigators, inspectors, . . . and similar employees'

10

who 'perform such work as . . . preventing or detecting crimes' and 'conducting investigations or inspections for violations of law' or 'other similar work.'" *Miller*, 2018 WL 1004860, at *4 (quoting 29 C.F.R. § 541.3(b)(1)).

"These types of employees do not fall within the ambit of the bona fide executive exemption 'because their primary duty is not management of the enterprise in which the employee is employed . . . as required under § 541.100.'" *Miller*, 2018 WL 1004860, at *4 (quoting 29 C.F.R. § 541.3(b)(2)). "In other words, they do not meet the second factor of the four-part bona fide executive employee exemption." *Id.* "By way of example, the regulation states that a police officer 'whose primary duty is to investigate crimes . . . is not exempt . . . merely because' the officer 'also directs the work of other employees in the conduct of an investigation or fighting a fire.'" *Id.* (quoting 29 C.F.R. § 541.3(b)(2)). Similarly, "[s]uch employees do not qualify as exempt administrative employees because their primary duty is not the performance of work directly related to the management or general business operations of the employer or the employer's customers as required under § 541.200." 29 C.F.R. § 541.3(b)(3).

Again, the evidence included some instances of Lieutenants acting as first responders. But there was also significant evidence that frontline law enforcement was not the Lieutenants' primary duty. They would step in as needed, but there was ample evidence that, for the most part, Lieutenants acted as supervisors when they were on a scene. The court instructed the jury on the first responder regulation and the jury found against Plaintiffs.

### *d. The Jury's Verdict was not Inconsistent*

Plaintiffs argue that there is a fatal inconsistency in the jury's verdict. According to Plaintiffs, they cannot be simultaneously exempt as both administrators and executives. Plaintiffs maintain that they can have only one primary duty. Plaintiffs also argue that Defendants waived their opportunity to rely on the "combination" exemption by failing to raise it as a defense or request a jury instruction on it.

Plaintiffs argue that the administrative and executive exemptions are mutually exclusive, and an employee cannot simultaneously have as a primary duty both executive and administrative work. For this proposition Plaintiffs cite *Swigart v. Fifth Third Bank*, 870 F. Supp. 2d 500, 511 (S.D. Ohio 2012). That case held that an employee cannot be simultaneously exempt under the "outside sales" exemption and the administrative exemption because "the former requires the employee to have a primary job duty of sales, whereas that same primary job duty disqualifies an employee from coverage under the latter." The definitions of the two exemptions made the exemptions mutually exclusive. The case does not stand for the broader proposition that all exemptions are mutually exclusive of all other exemptions. The same is true of *Chapman v. BOK Fin. Corp.*, No. 2–CV–613–GKF–PJC, 2014 WL 3700870, at *4 (N.D. Ok. July 25, 2014) (citing *Swigart*), which Plaintiffs also cite for the same idea.

The two exemptions in this case are not mutually exclusive. The administrative exemption requires the employee's primary duty to be "the performance of office or non-manual work directly related to the management" of the enterprise, while the executive

12

exemption requires the employee's primary duty to be "the management of the enterprise." *Compare* 29 C.F.R. § 541.200(a)(2), *with* 29 C.F.R. § 541.100(a)(2). Plaintiffs have not explained how a person cannot be simultaneously engaged in work "directly related to the management of the enterprise," while also being engaged in "the management of the enterprise." Many courts have found employees to be exempt under both exemptions at the same time. *See, e.g., Parrish v. Roosevelt Cnty. Bd. Cnty. Comm.*, No. CIV 15-0703 JB/GJF, 2017 WL 6759103, at * 18 (D.N.M. Dec. 31, 2017) (holding that "Parrish qualifies for both the administrative and executive exemptions); *Aguiar v. Routes Orlando, Inc.*, No. 6:20-cv-1873-PGB-EJK, 2022 WL 22866393, at *6–*8 (M.D. Fla. Aug. 12, 2022) (concluding after a bench trial that the plaintiff was exempt as both an executive and administrative employee); *Williams v. Wealth Factory, Inc.*, No. 22-60841-CIV, 2022 WL 22842699, at *2 (S.D. Fla. Oct. 6, 2022) (finding that the plaintiff fell "within one, if not both, of the exemptions").

The court concludes that the jury's verdict was not inconsistent because the administrative and executive exemptions are not mutually exclusive, and an employee may perform work falling simultaneously under both. The court need not reach Plaintiff's arguments about the combination exemption. Neither party raised this issue before or during the trial and the court did not instruct the jury on that part of the regulation.

### 2. *Motion for New Trial*

Plaintiffs' motion for new trial raises essentially the same issues as in the renewed motion for judgment as a matter of law. For essentially the same reasons stated above, the motion for new

trial is denied. While the court understands that the standard for a motion for new trial under Rule 59 is somewhat less onerous than the standard for judgment as a matter law under Rule 50, the court nevertheless concludes that a new trial is not warranted. The jury was properly instructed. The jury questions were proper. There was ample evidence in support of the jury's verdict. Plaintiffs do not point out any evidentiary issues or other matters that may have infected the trial with error.

### D. Conclusion

Plaintiff's Renewed Motion for Judgment as a Matter of Law or, Alternatively, for New Trial, ECF No. 256, is **DENIED** in its entirety.

Signed at Houston, Texas, on January 6, 2025.

Peter Bray
United States Magistrate Judge