UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Lynwood Moreau, et al., § | | |
|     *Plaintiffs,* § | | |
| v. § | Civil Action 4:19-CV-646 | |
| § | | |
| Harris County, Texas, § | | |
|     *Defendant.* § | | |

## ORDER ON COSTS

Pending before the court are Plaintiffs' Objection to Defendant's Bill of Costs, ECF No. 257, Plaintiffs' Opposed Motion to Stay Taxation of Costs Pending Appeal, ECF No. 255, and Defendant Harris County, Texas' Motion to Strike Plaintiffs' Untimely Objections to Bill of Costs, ECF No. 261. The court will take the objections to the Bill of Costs under advisement after the parties have considered the court's other rulings and conferred about the disposition of the objections. The Motion to Stay is **DENIED**. The Motion to Strike is **DENIED**.

The court turns first to the Motion to Stay, ECF No. 255. The court fully appreciates its authority and discretion to stay taxation of costs pending appeal. However, the issue of costs is being strongly contested in this case, which implies that costs will be the subject of an appeal. Because the court has separately concluded that no error has taken place in this case, ECF No. 272, it is not likely that Defendant will be divested of its status as prevailing party. Thus, the issue of costs will persist after any appeal of the substantive issues in the case. The court declines to burden the Court of Appeals and the parties with two separate appeals in this

1

case. The motion is **DENIED**.

The court now turns to Defendant's Motion to Strike Plaintiffs' Untimely Objections to Bill of Costs, ECF No. 261. The court appreciates the complexity of the interplay between Federal Rule of Civil Procedure 54(d)(1), and Southern District of Texas Local Rule 54.2 (LR 54.2). The former appears to govern the parties' rights after the Clerk acts on a bill of costs, while the latter appears to have been designed to prevent the Clerk from taxing costs that would be later objected to. The question is whether the court may consider Plaintiffs' objections, which were filed late, but before the Clerk took any action on the Bill of Costs.

Arguably, if the court were to strike the Bill of Costs, the Clerk could then act on the Bill of Costs as if no objection had been filed. Thereafter, Plaintiff would likely argue that it is still entitled to file a motion for judicial review under Rule 54(d)(1). The court does not desire to revisit the issue in that posture. Alternatively, the late-filed objection could properly be construed as a timely-filed motion for review under Rule 54, because the time to file such a motion has not yet passed. *Cf. McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 984 F.2d 1482, 1489 (5th Cir. 1990) (leaving open the possibility that an objection filed after costs are taxed was either timely or to be construed as a motion for review under Rule 54). The court does not weigh in on either of these, but desires to relieve the Court of Appeals from having to decide these or similar issues.

There are several reasons why the court will consider the Plaintiffs' objections at this juncture. First, the court will not tax

costs that are not permitted under the law, objection or not. The court does not believe that it has an obligation to tax costs that are contrary to law simply because Plaintiff objected late or not at all. Even in the context of default judgments, the undersigned has refused to tax costs that are improper. No one has argued that taxing illegal costs would be proper. The court will therefore refer to Plaintiffs' objections in determining which costs are proper and which are not.

The court is also not convinced that a true legal waiver has occurred. It is not clear that failure to object under the local rule would actually waive the right to contest improperly taxed costs, for example by a later motion under the Federal Rule. Local Rules "must be consistent with" the Federal Rules. Fed. R. Civ. P. 83(a)(1). LR 54.2 is "consistent with" Rule 54(d)(1). It sets a deadline for objections prior to the Clerk taking any action on the bill of costs. But LR 54.2 does not alter Rule 54(d)(1); nor could it, given Rule 83(a)(1). *Cf. Ass'n. of Am. Phys. and Surgeons Educ. Found. v. Am. Bd. Internal Med.*, 103 F.4th 383, 395 (5th Cir. 2024) (applying the federal rule over a district judge's rule of procedure that would "invert" how the federal rule operates in practice). Again, no party has engaged in the nuanced legal argument that would be required for the court to find that failure to adhere to a local rule would waive a right under a federal rule.

Finally, as Judge Rainey has pointed out, LR 54.2 is not jurisdictional. *Neutrino Dev. Corp. v. Sonosite, Inc.*, No. H-01-2484, 2007 WL 998636, at *2 (S.D. Tex. Mar. 30, 2007). At least no party has argued that it is. Thus, the court has the discretion to consider

3

Plaintiffs' objections.

The court now turns to the objections themselves. ECF No. 257. It appears that Plaintiff objects to every cost Defendants seek, even though some of the costs sought are plainly taxable. It also appears that Defendants explanations for some of the costs are short on details. The court has now given the parties rulings on the substantive post-trial motions, has decided not to stay imposition of costs, but will consider Plaintiffs' objections to the costs. With that guidance, the court believes that the parties should attempt to negotiate a resolution of the Plaintiffs' objections to costs before the court undertakes the laborious task of sifting through the Bill of Costs and the justifications for each line item.

The court therefore **ORDERS** that by January 17, 2025, the parties shall confer in person, by phone, or by video (not email) about Plaintiffs' Objections to the Bill of Costs. The parties shall notify the court by January 24, 2025, in writing whether the parties have been able to reach agreement. No further argument or evidence will be considered. The parties need only state what issues remain for the court's consideration.

Signed at Houston, Texas, on January 6, 2025.

_____
Peter Bray
United States Magistrate Judge